AFFIRM; Opinion issued November 7, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00968-CV

## INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant

### V.

## MARILYN GREEN, Appellee

On Appeal from the 95th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-10-07570-D

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Francis

In this workers' compensation case, we must decide whether the trial court erred by concluding Marilyn Green was entitled to sixth quarter supplemental income benefits (SIBs). In four issues, Indemnity Insurance Company of North America contends the trial court erred because Green did not comply with the terms of her vocation rehabilitation program or seek employment every week of her qualifying period, Green's failure to qualify in the sixth quarter resulted in a permanent loss of entitlement, and Green was not entitled to attorney's fees because she was not the prevailing party. Because we conclude Green did comply with the terms of her program, the trial court did not err. We affirm the trial court's summary judgment in favor of Green and overrule Indemnity Insurance Company of North America's four issues.

The facts of this case are not disputed. Green sustained a compensable injury on May 30, 2005. After she was assigned a 15% impairment rating for her injury, Green applied for SIBs. Under the law in effect at the time, Green was entitled to receive SIBs if, among other things not relevant to this appeal, she made a good faith effort to obtain employment during each qualifying period. The Division of Workers' Compensation found Green was not entitled to SIBs for the third, fourth, or fifth quarters but was entitled to second quarter benefits. When Green qualified for sixth and seventh quarter benefits, IIC contested her entitlement to those quarters on the grounds Green did not seek employment every week of the qualifying periods and did not maintain a full time academic schedule in the summer along with maintaining a 2.0 GPA. The DWC found Green was entitled to both the sixth and seventh quarter SIBs, and IIC appealed.

After the appeals panel affirmed the DWC's decision, IIC filed its original petition in district court challenging Green's entitlement to the sixth and seventh quarter SIBs. The parties filed a stipulation of facts. IIC moved for summary judgment on the ground Green was not entitled as a matter of law to SIBs during the sixth quarter and, as a result, lost permanent entitlement to SIBs. Green, in turn, filed a motion for partial summary judgment, asserting IIC failed to show as a matter of law she was not entitled to sixth quarter SIBs. The trial court granted Green's motion for partial summary judgment, ordered she was entitled to sixth quarter SIBs, and denied IIC's motion. IIC then nonsuited its complaint regarding the seventh quarter SIBs. This appeal followed.

In its first issue, IIC contends the trial court erred in granting summary judgment in favor of Green because the evidence showed as a matter of law Green did not make a good faith effort to obtain employment during the sixth quarter qualifying period. Specifically, IIC claims Green did not comply with the terms of her vocational rehabilitation program because she did not maintain a full time academic schedule and a 2.0 GPA in the summer.

We review the trial court's decision to grant summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). When, as here, both parties move for summary judgment on the same issue and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides and determine all questions presented. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). If we determine the trial court erred, we must render the judgment the trial court should have rendered. *Id.*

The sixth quarter qualifying period began April 13, 2009 and ended July 12, 2009. Under the law in effect at that time, Green was eligible to receive SIBs if she "made a good faith effort to obtain employment commensurate with [her] ability to work." 28 TEX. ADMIN. CODE § 130.102(b)(2).[1] Under this section, an employee has made a good faith effort if she "has been enrolled in, and satisfactorily participated in, a full time vocational rehabilitation program sponsored by the Texas Rehabilitation Commission during the qualifying period," or "has provided sufficient documentation as described in subsection (e) of this section to show that he or she has made a good faith effort to obtain employment." *Id.* § 130.102(d)(2), (5). Subsection (e) requires "an injured employee who has not returned to work and is able to return to work in any capacity [to] look for employment commensurate with his or her ability to work every week of the qualifying period and document his or her job search efforts." *Id.* § 130.102(e). The stipulation of facts states Green did not document a job search contact during three weeks of the sixth quarter qualifying period. However, under the law applicable at the time, Green could qualify as making a good faith effort if

---

[1] (Eligibility for Supplemental Income Benefits; Amounts), *amended by* 34 Tex. Reg. 2138 (effective July 1, 2009) (current version at 28 TEX. ADMIN. CODE § 130.102). All citations are to the previous version because it applies to the question of Green's eligibility for the sixth quarter. *See* 28 TEX. ADMIN. CODE § 130.101 (qualifying period that begins prior to July 1, 2009 remains subject to rules in effect on date qualifying period begins, qualifying period that begins on or after July 1, 2009 is subject to the amended version).

the record shows she was enrolled in, and satisfactorily participated in, a full time vocational rehabilitation program sponsored by the Texas Rehabilitation Commission during this time.

The summary judgment record shows the Department of Assistive and Rehabilitative Services and Green developed and entered into a vocational rehabilitation program referred to as an independent plan for employment (IPE) dated May 4, 2009, three weeks into the sixth quarter. Under the terms of the IPE, Green would receive counseling and guidance from the Division of Rehabilitation Services as well as assistance with tuition, books, and supplies. In exchange, she would be "required to maintain a full time schedule in Fall/Spring and maintain a 2.0 GPA." The IPE makes no mention of summer courses or schedules. The record also contains the decision and order from the Texas Department of Insurance Division of Workers' Compensation. The decision and order notes Green's DARS counselor, Richard Jenke, submitted a letter stating Green was "actively participating" in the vocational rehabilitation program from December 23, 2008 through the date of the letter, September 1, 2009. The decision and order also states Green testified DARS was satisfied with her progress and nothing in the DARS record shows otherwise. Although IIC argues the IPE required Green to maintain at least a 2.0 GPA and 12 credit hours each semester and she failed to do so during the summer of 2009, IIC ignores the plain language of the IPE which states Green was "required to maintain a full time schedule in *Fall/Spring* and maintain a 2.0 GPA." (Emphasis added.) We conclude the evidence established as a matter of law Green was not required to attend classes during the summer and was actively and satisfactorily participating in the IPE. Therefore, the trial court did not err in concluding Green was entitled to SIBs during the sixth quarter qualifying period. We overrule IIC's first issue. In light of our conclusion with respect to IIC's first issue, we need not address IIC's second, third, or fourth issues. TEX. R. APP. P. 47.1.

We affirm the trial court's judgment.

_____
MOLLY FRANCIS
JUSTICE

110968F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA, Appellant

No. 05-11-00968-CV      V.

MARILYN GREEN, Appellee

Appeal from the 95th Judicial District Court
of Dallas County, Texas. (Tr.Ct.No. DC-10-
07570-D).
Opinion delivered by Justice Francis,
Justices Morris and Murphy participating.

      In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment. We **ORDER** that appellee Marilyn Green recover her costs of this appeal from appellant Indemnity Insurance Company of North America.

Judgment entered November 7, 2012.

MOLLY FRANCIS
JUSTICE